JOSEPH MOLNAR and FRED A. MORGENROTH, Individually and as Copartners under the Firm Name of MOLNAR & MORGENROTH, Plaintiffs, *v.* WESTCHESTER FIRE INSURANCE COMPANY, Successor by Merger of the UNITED STATES MERCHANTS AND SHIPPERS INSURANCE COMPANY, Defendant.

City Court of New York, New York County, July 31, 1934.

Frank N. Crosby [Max J. Gwertzman of counsel], for the plaintiffs.

Paul D. Compton and Wayne D. Bird, for the defendant.

MADIGAN, J. The defense that the action is not brought by the real party in interest is good, the facts being incontestable. Arguing to the contrary, counsel for plaintiffs cites three cases: Lee v. Barrett (82 Misc. 475); Zaidens v. Salter (142 id. 439), and Luckenbach v. McCahan Sugar Refining Co. (248 U. S. 139). In those cases the loans were payable out of the proceeds of prosecutions against third persons. Here the payment has become absolute under the terms of the agreement which reads as follows: " Loan Agreement December 8, 1930. We the undersigned, acknowledge receipt of draft in amount of $2643.69 in full payment of our claim under Jewelers Block Policy No. JB-5066 which occurred under date of October 21st, 1930, while on memorandum with Messrs. M. Rosenthal & Sons.

" We hereby agree that we will reimburse the Company for any article or articles covered for the full cash value as expressed in the Proof of Loss should the Company be in a position to return the article or articles to us within a period of sixty days from date hereof. Molnar & Morgenroth. By T. A. Morgenroth."

Even if the $2,643.69 received " in full payment " of plaintiffs' claim under the policy issued to them were deemed to have originally been a loan, the payment became absolute upon the failure of their insurance company to return any of the articles stolen within the sixty-day period, which expired long prior to the commencement of this action. Though, by reason of the provisions of the so-called " loan agreement " which has been set forth in full, the three cases cited above are not directly in point, they have indirectly the effect of indicating that the plaintiffs here are not the real parties in interest, for the discussion in each of the said three cases would be meaningless were the plaintiff therein to be considered the real party in interest regardless of whether such plaintiff had been paid or merely had obtained a loan. In this case plaintiffs have received a sum of money equal to the claim they assert against the defendant. (Henderson v. Park Central Motors Service, Inc., 225 App. Div. 788.)

If counsel desire, the court will consider and decide the important question as to the effect of the clauses in the policies running concurrently, relating to other insurance; but it will be necessary to stipulate the other questions out of the case. If that course is not to be followed an order should be settled consolidating the motions, denying plaintiffs' motion for summary judgment and granting defendant's motion for summary judgment.